THE PEOPLE, for use of Trustees of Schools,

*v.*

JAMES YEAZEL.

1. TOWNSHIP COLLECTOR—*must pay school tax to township treasurer.* Township collectors are required by law to pay all school taxes by them collected to their township treasurers, as the proper depositaries and custodians of the school funds; and for a failure to do so, they will be liable upon their official bonds.

2. SAME — *liability on bond.* Where a collector pays school moneys belonging to a certain school district to any person other than the treasurer of the proper township, he will be guilty of a breach of his bond, and liable to nominal damages, although the person receiving the money, upon discovery of the mistake, pays over the same to the proper school district officers, so that such district, in fact, loses nothing.

3. EVIDENCE — *director, in suit by trustees.* In a suit by the trustees of schools, against a collector, upon his bond, for not paying over to them the taxes belonging to one of their school districts, it is error to permit a director of such district to give his conclusions that the district has received all its share of the taxes. The directors have no interest in such a suit, and have no right to speak.

4. SAME — *affidavit of collector to return.* Under the act of 1872, the county treasurer had no right to administer an oath to a township collector; and when he does, the return and affidavit of the collector thereto can not be admitted in evidence to prove the facts therein stated.

5. COSTS — *when error to give judgment for.* In an action in the name of the people, for the use of school trustees, upon the official bond of a collector, where the plaintiffs fail, it is error to render judgment against them for costs. As against the people, no judgment for costs can be rendered, and the trustees of schools, when seeking to recover a portion of the school money, are not liable to be taxed for costs.

APPEAL from the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

- Messrs. CUNNINGHAM & WEBBER, for the appellants.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of debt, in the Champaign circuit court, by the People of the State of Illinois, for the use of the trustees of schools in township 19, range 14 west, plaintiffs, and against James Yeazel, impleaded with Jackson Lewis, defendants, on the official bond of Lewis, as collector of that township.

It is alleged that Lewis had collected the amount of the school tax levied in pursuance of the statute; that a proper certificate of the amount had been delivered to the township treasurer, which he duly presented to Lewis, the collector, and demanded payment thereof. The breach assigned is, the re-

fusal of the collector to pay the same to the treasurer, on his demand.

Several pleas were put in by the defendants, to all of which, except the second, a demurrer was sustained.

The issue made up on this second plea brings up the question of the legality of a payment of such money by the collector to any other person than the township treasurer of the proper township.

A reference to chapter 120, title, "Revenue," answers the question. After providing when the tax books shall be delivered to the collector, with a warrant attached, section 138 provides, the warrant shall direct the town or district collector, after deducting the compensation to which he may be entitled, to pay over to the proper officer the amount of tax collected for the support of highways and bridges, and to the supervisor of the town, the moneys which shall have been collected therein to defray town expenses; to the proper school officers, the district school tax, etc. By section 40 of chapter 122, title, "Schools," the township treasurer is constituted "the only lawful depositary and custodian of all township and district school funds." By section 45 of the same chapter, the county clerk is required to send to each township treasurer a certificate of the amount due each district or fraction of a district in his township, of the tax levied and placed upon the tax books; and, on or before the first day of April next after the delivery of the tax books, * * * or so soon thereafter as the township treasurer shall present the certificate of the amount of the tax, and make a demand therefor, the collector shall pay to the township treasurer the full amount of the tax as certified by the county clerk, * * * taking of the township treasurer his receipt therefor, which shall be evidence, etc.; and the treasurer is required to enter amount collected in his books, under the proper heads, and pay the same out as provided by law. Rev. Stat. 1874, pp. 961, 962.

It will be seen, the statute very plainly prescribes the duty of the collector. The path marked out for him must be pur-

sued by him.   Failing in this, there is necessarily a breach of his bond, and his surety must respond.

In this case, it appears that the collector, Lewis, paid to one Swearingen, township treasurer of township 19, range 11, when he should have paid it to Freeman, township treasurer of town 19, range 14 west, and Swearingen, on discovering the mistake, paid the amount to the school directors of town 19, range 14, so that the district lost nothing.   The proper dis-trict received, in this indirect way, all the money to which it was entitled.   Still, there was a breach of the condition of the bond, and judgment should have gone against the surety for nominal damages at least.   Though the district, in a pecuniary view, lost nothing, a violation of a plain law is established against the collector, and it will not do to disregard it.   Such a mistake as is here shown can not be permitted to pass unnoticed by the courts.   A strict compliance with the law must be required of all officials.   Sureties must understand this, and they must know, if their principals are derelict they may be made to suffer.

It is objected by appellants that John L. Conley, who was a school director of the district, was permitted to answer, against objections of plaintiffs, this question:   State whether or not district No. 1 received all it was entitled to receive from the revenue of 1872?   The answer was, that the district had received all it was entitled to out of the revenue of that year. The conclusions of this director were not testimony in the cause, he having no interest therein, and having no right to speak in regard thereto.   This suit was instituted in the name of the people, for the use of the trustees of certain schools, in which the directors have no concern.   This testimony should not have been admitted.

Appellants further complain that the court admitted, against their objections, as evidence for the defendant, an affidavit made by the collector to his return to the county treasurer of the delinquent list.   There is a fatal objection to that affida-vit—it is not taken and made before any person authorized by the law then in force to administer the oath.   Section 284 of

the revenue law of 1872 provides, that any oath authorized to be administered under that act, may be administered by an assessor or deputy assessor, or by any other officer having authority to administer oaths. Rev. Stat. 1874, p. 904. The county treasurer, before whom this affidavit was made, was not such an officer.

It is complained, the court modified certain instructions asked by plaintiffs. In the views we have expressed, the modification was not improper. If the school district has suffered no injury—has received, though in an indirect way, all the money it was entitled to, and from the collector, he should not be required to pay it a second time.

Exceptions are taken to instructions given for the defendants. The first is based on the affidavit of the collector to his return of delinquent property, which we hold was not conformable to the statute, and the same may be said of the second. The collector's affidavit is not in the case. As to the third instruction, it is not objectionable. The fourth may be sustained by what we have already said, but not in its whole extent. The money actually received by the school district would go to mitigate the damages, but not to the entire discharge of the defendant. Instead of being told they should find for the defendant, they should have been directed to find at least nominal damages for the plaintiffs, a breach of the bond having been clearly established.

It is further complained, that the court rendered a judgment against the plaintiffs for costs. The people were plaintiffs, suing for the use of the trustees of certain school districts. As against the nominal plaintiffs, no judgment for costs can be legally rendered; and as to the beneficiaries, they are agents seeking to recover a portion of the school money, and, by section 78 of statute of 1874, title, "Schools," they are not liable to be taxed for costs.

For this reason, the judgment is reversed and the cause remanded.

*Judgment reversed.*