School Directors v. Jennings.

## SCHOOL DIRECTORS, etc.
### v.
## ADELLA J. JENNINGS.

1. SCHOOLS—CONTRACT TO TEACH—CERTIFICATE REQUIRED.—A board of school directors has no authority to employ a person as teacher who has not at the time the contract is made, a certificate of qualification as a teacher, as required by law.

2. CONTRACT MUST BE MADE AT OFFICIAL MEETING OF BOARD.—Under the present school law, directors have no power to make a contract employing a teacher except at a regular or special meeting of the board of directors, held as required by law.

APPEAL from the Circuit Court of Cook county; the Hon. ELLIOTT ANTHONY, of the Superior Court, sitting as Circuit Judge, presiding.   Opinion filed May 9, 1882.

Messrs. BANGS & KIRKLAND, for appellant; that a valid contract could not be made with one who had not at the time, a proper certificate of qualification, cited Rev. Stat. Chap. 122, § 52; Stevenson v. School Directors, 87 Ill. 255; Wells v. The People, 71 Ill. 532.

School directors have no powers except such as are given them by statute: Dillon on Mun. Cor. § 9; Glidden v. Hopkins, 47 Ill. 525; Spring v. Wright, 63 Ill. 90; Wells v. The People, 71 Ill. 532; Beers v. Board of Education, 72 Ill. 508; School Directors v. Fogleman, 76 Ill. 189; Clark v. School Directors, 78 Ill. 474; Adams v. State, 82 Ill. 132.

Mr. CONSIDER H. WILLETT, for appellee ; in support of the power of school directors to make the contract in question, cited Page v. Township Board, 59 Mo. 264; Spring v. Wright, 63 Ill. 99; Bellmeyer v. Marshalltown, 44 Iowa, 554; Mayer v. Chicago, 38 Ill. 266; New Athens v. Thomas, 82 Ill. 259.

BAILEY, J.  In this case the appellee, who was the plaintiff below, claims to have entered into a contract with the appellant, the defendant below, to serve as a teacher for the term of ten months from the first day of September, 1879, at $50 per month, and that after teaching four months and part of the fifth, she was wrongfully discharged by the defendant.

It is admitted that she has been paid for four months' services, and this suit is brought to recover for the remaining six months embraced in the contract.  On the trial the jury found the issues for the plaintiff, and assessed her damages at $300, the entire amount of her claim.

. As to the sufficiency of the grounds upon which the board of directors acted in discharging the plaintiff, the evidence is conflicting.  This conflict the jury have resolved in favor of the plaintiff, and after examining all the evidence in the record, we are satisfied with their finding in that respect.

The only question in the case is as to the validity of the alleged contract.  The evidence shows that shortly prior to the first day of September, 1879, the plaintiff had an interview with two of the directors, in which she applied to them for a position as teacher in their school, and that they, after considerable conversation with her in relation to her methods of teaching, discipline, etc., agreed to employ her as a teacher for ten months, commencing September 1, 1879, at $50 per month. After carefully examining the evidence, we think it is not shown that the plaintiff, at the date of her employment, had a certificate of qualification from the county superintendent of schools.  She testifies that after she had *passed her examination* by the county superintendent, and on the same day, she had the interview with the two directors at which the contract was made.  She fails to state that the certificate was issued to her on the same day the examination took place, and when

called upon to fix the date of the interview, she gives the 25th day of August, while the certificate bears date the 30th day of the same month. The conclusion necessarily follows, that some time must have elapsed between the examination and the issuing of the certificate, and that the interview with the directors at which the contract is alleged to have been made, took place during that interval.

The Supreme Court has repeatedly held, that a board of school directors has no power to employ a teacher who has not, at the time the contract is made, a certificate of qualification as provided by the school law, and that any contract made with a teacher not having such certificate is void, so as not even to be susceptible of ratification. Stevenson v. School Directors, 87 Ill. 255; Wells v. The People, 71 Id. 532. It follows that the plaintiff has failed to establish a valid contract with the school directors, and so has not shown herself entitled to recover.

The validity of the contract is assailed on the further ground, that it does not appear to have been made at either a regular or special meeting of the board of directors. By section 42 of the school law, as amended June 3, 1879, it is provided that, " The board of directors shall hold regular meetings at such times as they shall designate, and they may hold special meetings as occasion may require, at the call of the president, or any two members, and no official business shall be transacted by the board except at a regular or special meeting." Laws of 1879, page 296. These provisions are not found in previous revisions of the school law, and must be regarded as placing further limitations upon the power of school directors to perform official acts.

It can not be doubted that the employment of teachers is a part of the official business of boards of school directors. Section 48 of the school law, as amended June 3, 1879, after declaring the directors of school districts to be bodies politic and corporate, proceeds to enumerate their corporate or official powers, and among them is the power to appoint all teachers and to fix the amount of their salaries. Laws of 1879, page 300. We are inclined to the opinion, therefore, that under the

law as it existed at the date of the contract sued in this case, the directors had no power to employ a teacher, except at a regular or special meeting of the board, and unless it is shown that the plaintiff was appointed at such meeting, the contract of the directors with her was entered into without authority of law, and is incapable of enforcement.

It can not be claimed that the mere fact that two of the directors were together, constituted an official meeting of the board. There is no pretense that it was on the occasion of a regular meeting, or that a special meeting had been called, either by the president or two members of the board, or that any notice had been given to a third member, so as to give him an opportunity to be present. The interview seems to have been had entirely without previous arrangement, at the business office of one of the directors in the city of Chicago, several miles away from the school-district. There being then no meeting of the board, whatever was said or done by the directors present, as we construe the school-law, was unofficial, and not binding upon the board.

We are of the opinion, then, that the verdict is unsupported by the evidence, and for that reason the judgment must be reversed and the cause remanded.

Judgment reversed.