VICTORIA STEWART

v.

SCHOOL DIRECTORS.

*Public Schools—Special Contract to Teach—Evidence—Practice.*

In an action by a teacher upon an alleged special contract to teach for one month after the expiration of her regular term, it is *held:* That the evidence sustains the verdict of the jury for defendant; and that there was no error in permitting the jury to pass upon the evidence and return a verdict without leaving the court room, after a refusal of the court to pass upon a demurrer to the plaintiff's evidence.

[Opinion filed October 5, 1887.]

IN ERROR to the Circuit Court of Jasper County; the Hon. WILLIAM C. JONES, Judge, presiding.

Messrs. HONEY & HALLEY, for plaintiff in error.

Mr. GEORGE W. FITHIAN, for defendants in error.

GREEN, P. J. Plaintiff in error brought suit before a Justice of the Peace, to recover for services as teacher in said school district. A judgment for her was rendered in that court from which the Board of Directors appealed to the Circuit Court, where a trial was had, resulting in a verdict and judgment for defendant, to reverse which this writ of error was sued out. Plaintiff taught school in said district four months and two days, commencing in October, 1885. She was paid in full for four months' services, but claims the right to recover salary for one more month, upon the ground said Board of Directors, by special contract, employed her to teach for five months and wrongfully discharged her before that term expired.

The only contract between the parties was made at a special meeting of said Board, held August 4, 1885, the proceedings of which special meeting were read on behalf of plaintiff as follows:

" August 4, 1885.

" At a special meeting of the Directors, Victoria Stewart was hired to teach four months' school at $25 per month, to commence on the last Monday in September, or the first Monday in October, 1885, as the Directors shall hereafter decide.

" N. S. Clark, clerk."

In addition to this, plaintiff testified that at said special meeting the Directors employed her to teach a four months' school, and promised to give her a fifth month if she gave satisfaction. Two other witnesses also present at said special meeting, testified substantially as she did. Towland, one of the Directors, testified, " at that meeting we employed her for four months at $25 per month. After the business of the meeting was transacted and the Board had adjourned, Miss Stewart said something about a fifth month, and I said, if she gave general satisfaction, we would give her a fifth month, but the other two Directors did not say anything." " We only hired her to teach a four months' school." Noah Clark, another Director, testified he made the minutes of that meeting, and that the record read in evidence was a correct record of the proceedings. The whole of this evidence was introduced on behalf of plaintiff and comprises the substance of all that transpired at that special meeting touching her employment to teach. Even taking her own version, corroborated by the two witnesses whose recollection agreed with hers, and the fact is not thereby established that a specific contract was made with her by the Board to teach a term of five months, and taking all the evidence together, the jury could properly find that plaintiff was employed to teach for a term of four months only. It also appears by the evidence, that on the night of the last day of the four months' term, Towland, one of the Directors, told her that the two other Directors were opposed to her having a fifth month's school, and as he was alone he could not do anything. With this notification she could have no excuse for misunderstanding when her term to teach expired, and if she chose to teach for two days thereafter without the consent, and, so far as the record discloses, without the knowledge of the Directors, she did so without

authority and can not legally demand pay therefor; nor was she wrongfully discharged by the Board; her term of employment having expired, the Board had the right to employ another teacher, and demand and take from her the keys and register, to be given to her successor.

The defendant offered no evidence on its behalf, and it is assigned for error that the court failed and refused to pass upon a demurrer to the evidence interposed by counsel for defendant when plaintiff had rested, but permitted the jury to consider the evidence introduced and permitted the jury to find and return a verdict without leaving the court room. We perceive no error in this, or in giving the instruction to the jury given on behalf of defendant. School Directors v. Jennings, 10 Ill. App. 643.

The loose talk between plaintiff and Director Towland and between her and Director Clark, had a week or two before the expiration of the four months' term concerning her continuing to teach a fifth month did not change her contract with the Board, and she having failed to prove such contract of employment to have been for a longer term than four months, and having been paid in full for teaching that term, had no right to recover in this suit. The jury so found, and the court rightfully rendered judgment on the verdict. The judgment is affirmed.

*Affirmed.*