## The People of the State of Illinois, ex rel. Eli D. Wiley, et al., School Directors, v. William Tolbert Helt.

1. MANDAMUS—*when writ of, will not issue.* The writ of mandamus will not be issued unless the petitioner shows a clear right thereto.

2. MANDAMUS—*what party seeking, must allege.* A party seeking to compel the performance of any act by mandamus must set forth every material fact necessary to show that it is the plain duty of the party sought to be coerced to act in the premises.

3. MANDAMUS—*what petition to compel township treasurer to credit school district with amount of taxes collected, should allege.* Such a petition should allege, among other things, that such school district has not received the full amount of such taxes to which it is entitled and that at the time of his refusal so to make such credit, there was in the hands of such township treasurer sufficient funds from the particular source from which such credit was to be made to enable him to make the same.

Mandamus proceeding.    Error to the Circuit Court of Douglas
County; the Hon. SOLON PHILBRICK, Judge, presiding.    Heard in this
court at the May term, 1904.    Affirmed in part and reversed in part.
Opinion filed October 14, 1904.

JAMES W. and EDWARD C. CRAIG, for plaintiffs in error.

ECKHART & MOORE, for defendant in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of
the court.

This is a proceeding in mandamus instituted by plaintiffs
in error, school directors of school district No. 22, in the
county of Douglas, against defendant in error, treasurer of
township No. 15, range No. 9 in said county, to compel
him to credit to the account of school district No. 22, in
pursuance to an order or warrant to him therefor by the
school directors of district No. 54 in the same township,
the sum of $78.53 of the taxes collected for the years 1899
and 1900 received by him and by him erroneously credited to
the account of said school district No. 54.  A demurrer to the
petition interposed by defendant in error was sustained by
the court and judgment entered in bar of the action and
for costs against plaintiffs in error.

It is elementary that a writ of mandamus will not be
issued unless the petitioner shows a clear right thereto.  A
party seeking to compel the performance of any act by
mandamus must set forth every material fact necessary to
show that it is the plain duty of the party sought to be
coerced to act in the premises.

The demurrer to the petition was properly sustained for
two reasons, among others: first, the petition does not allege
that school district No. 22 did not receive the full amount
to which it was entitled of the taxes collected for the years
1899 and 1900 (Walser v. Board of Education, 160 Ill. 272);
second, the petition does not allege that at the time the
order or warrant was drawn by the directors of dis-
trict No. 54, there was sufficient funds in the hands of de-
fendant in error, as township treasurer, to pay the amount
of the same.   Hurd's Stat. 1903, p. 1676, par. 148.

Plaintiffs in error, being school officers, are not liable for costs, and the judgment against them therefor, in this proceeding, was erroneous. Hurd's Stat. 1903, p. 1702, par. 289.

The judgment will be reversed as to so much thereof as adjudges costs against plaintiffs in error, and as to all else the judgment will be affirmed.

*Affirmed in part and reversed in part.*