**John J. Armstrong, Appellant, v. The School Directors of District No. 128, Lee County, Appellees.**

**Gen. No. 5317.**

SCHOOLS—*when district not bound.* Casual conversations participated in by members of the board of education do not bind a school district; in order to bind the school district the directors must act either at a regular or special meeting.

Action commenced before justice of the peace. Appeal from the Circuit Court of Lee county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the April term, 1910. Affirmed. Opinion filed October 18, 1910. Rehearing denied April 6, 1911.

JOHN E. ERWIN and BROOKS & BROOKS, for appellant.

C. E. GARDNER, HENRY S. DIXON and GEORGE C. DIXON, for appellees.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Appellant had been a teacher for School District No. 128, in Lee county, for the school year ending June 5, 1909, at $87.50 per month. On May 6, 1909, a regular meeting of the school board was held for the purpose of engaging teachers for the ensuing school year at which all the school directors were present. The school directors offered the teachers all of whom were present, positions for the following year at the same salaries they were then receiving. Appellant did not accept the proposition of the directors but asked $90 per month. The directors refused to accede to the request of appellant but gave him until the following Saturday to accept the offer of $87.50. Appellant did not accept the offer by Saturday but went to the directors at their residences endeavoring to get them separately to agree to pay him $90. On May 22nd, appellant met one of the directors and said he had

decided to accept the offer of the board, and went with that director to the residence of another director where the first director said to the other that appellant had accepted their proposition, and the second replied, "that settles it." When the time to open school arrived, appellant offered his services, but the board had employed another teacher. After the expiration of the first month appellant brought suit to recover the salary for that month. Appellant called the secretary of the school board as a witness, and he testified that there was no meeting of the board of school directors on May 22nd. Appellant relies on his conversation with the two directors at the time he met one of them and went with him to the residence of another director to establish a contract of hiring. In the Circuit Court at the close of plaintiff's evidence a verdict was directed in favor of the appellee.

Section 111 of the school law provides that "The directors shall hold regular meetings at such times as they may designate, and special meetings at the call of the president or any two members. No official business shall be transacted by the directors except at a regular or special meeting. Two directors shall constitute a quorum for the transaction of business." The evidence shows that the conversation between the two directors on May 22nd was at a casual meeting; and that it was not a regular meeting and no special meeting had been called. The third director was temporarily out of the state at that time, but that did not dispense with the requirement that a meeting should be called. There having been no meeting called, whatever was done by the two directors at a casual interview without previous arrangement, was unofficial and not binding on the district. School Directors v. Jennings, 10 Ill. App. 643. The court properly directed a verdict for appellee; and the judgment is affirmed.

*Affirmed.*