# The People of the State of Illinois ex rel. John Britt, Appellee, v. School Directors of District No. 89 in Stephenson County, Appellants.

## Gen. No. 6,150.    (Not to be reported in full.)

Appeal from the Circuit Court of Stephenson county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 14, 1916.

### Statement of the Case.

Petition for mandamus by the People ex rel. John Britt, petitioner, against the School Directors of District No. 89 in Stephenson County, respondents, to require said directors to approve the selection made by him of the Freeport high school in district No. 145 in the same town for his son, John J. Britt, and to pay the tuition incurred and to be incurred for the attend-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ance of said child at said high school during the current school year. From a decree awarding mandamus as prayed, respondents appeal.

The petition alleged that Britt was a resident and taxpayer of said district No. 89, and was the father of said child, and that said child was within the school age and lived with him, and that he was responsible for the care, nurture and education of said child; and said petition set up the Statute of 1913, entitled "An act to provide high school privileges for graduates of the eighth grade," ch. 122, secs. 470-470g [Cal. Ill. St. Supp. 1916, ¶¶ 10143(1)—10143(8)]. The petition alleged that district No. 145 lay south of and contiguous to said district No. 89 and had a high school therein, and afforded the nearest and most convenient high school accessible to pupils of district No. 89 which offered a full four years' program of study, and was the only high school in said county with such program accessible to pupils of district No. 89; that relator selected said high school for the attendance of his child, and obtained the consent of the school board of said high school for the admission of said child; that said child was a graduate of the eighth grade in said district No. 89; that the tuition per capita of said high school was forty dollars per year, payable semiannually in advance, and did not exceed the per capita cost of maintaining said high school; that there were ample funds in the hands of the treasurer of district No. 89, and there were sufficient funds in his hands on July 1, 1914, to pay such tuition, specifying the amounts, and in addition thereto said district No. 89 levied a tax of five hundred dollars for the general expenses of said district for the current year, and that after paying said expenses there would remain a sum in the hands of the treasurer; that though often requested, the directors of district No. 89 refused to grant the transfer of said child, refused to approve the selection

252    APPELLATE COURTS OF ILLINOIS.

The People v. School Directors of .District No. 89, 200 Ill. App. 250.

of said high school, and refused :to pay the tuition charged relator for the attendance of said child at said high school, and did this without making any objections to the selection and without designating any other high school. The directors answered, admitting many facts and denying some of the facts alleged, and stating what sums they had contracted to pay during the said school year, and that on July 29, 1914, they levied a tax of five hundred dollars for school purposes for the ensuing year, and that they appropriated said five hundred dollars for certain specified purposes, namely, for salary of teachers, four hundred dollars; for fuel, fifty dollars; for painting· schoolhouse, forty dollars; for incidental expenses, ten dollars, and that said child was in attendance at said high school. The relator demurred to certain portions of said answer and the demurrer was sustained. Proofs were heard upon the other issues, and the mandamus was awarded as prayed.

No reason was given in the answer nor appeared in evidence why the directors should not approve the selection of the high school, nor did the answer deny those parts of the petition which showed that it was reasonable that said high school should be approved.

ROBERT P. ECKERT, for appellants.

ALBERT H. MANUS and R. R. TIFFANY, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

## Abstract of the Decision.

1. SCHOOLS AND SCHOOL DISTRICTS, § 184*—*when order directing school officers to approve high school proper.* On a petition for

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

mandamus to compel directors of a certain school district to approve the selection of a high school for relator's child, and to pay the tuition incurred and to be incurred for the attendance of the child at such high school for the current year, where no reason was given in the answer nor appeared in the evidence why the directors should not approve the selection of the high school, and the answer did not deny 'the parts of the petition which showed that it was reasonable that the high school be approved, *held* that an order directing such officers to approve such high school was proper.

2. SCHOOLS AND SCHOOL DISTRICTS, § 184*—*when right of parent to have tuition of child at high schools in another district paid by his district exists.* Under Rev. St. 1913, ch. 122, secs. 470-470g [Cal. Ill. St. Supp. 1916, ¶¶ 10143(1)—10143(8)], providing that the pupils who are graduates of the eighth grade and are resident in districts not providing a recognized four-year high school course shall be admitted upon the payment of tuition to any recognized high school for the completion of such portion of a four-year high school. course as is not provided by the home districts, and that the tuition of such pupils shall be paid by the district in which they reside "from any funds not otherwise appropriated," directors of a district may not defeat the right of a parent to have the tuition of his child for a current year at such a high school paid. out of the funds of the district, by dividing up the amount levied for educational purposes so as to appropriate to other purposes all the sum levied for educational purposes.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.