THIRD DISTRICT—JUNE, 1916.        429

Bd. of Edu. D. No. 7 v. School Direct. D. No. 66, 201 Ill. App. 429.

## Board of Education of District No. 7, Greene County, Appellant, v. School Directors of District No. 66, Macoupin County, Appellee.

1. SCHOOLS AND SCHOOL DISTRICTS, § 184*—*when school directors not liable for tuition of pupils attending high school in another district.* School directors of a school district having no high school are not liable for the tuition of pupils residing within their district who have attended a high school in another district without their approval being obtained in accordance with Hurd's Rev. St. 1913, ch. 122, sec. 470 (J. & A. ¶ 10143).

2. SCHOOLS AND SCHOOL DISTRICTS, § 145*—*when board of education not liable for costs.* On an unsuccessful appeal by a board of education of a school district to recover for tuition of pupils of another district in a high school under its jurisdiction, costs may not be taxed against it.

Appeal from the Circuit Court of Macoupin county; the Hon. FRANK W. BURTON, Judge, presiding. Heard in this court at the April term, 1916. Reversed in part and affirmed in part. Opinion filed June 10, 1916.

PEEBLES & PEEBLES, for appellant.

THOMAS RINAKER, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

School District No. 66, County of Macoupin, and State of Illinois, is a country school district that has not a high school. The Board of Education of District No. 7, Greene County, has a high school. In 1913, six pupils residing in District No. 66 had finished the eighth grade work in the public school of that district. Five of these pupils, beginning in the fall of 1913, attended the high school in District No. 7, in Greene County until the close of the school year in May, 1914. A sixth pupil residing in District No. 66 attended the high school of plaintiff a part of the year 1914.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The Board of Education of District No. 7, Greene County, Illinois, began this suit before a justice of the peace against the School Directors of District No. 66, Macoupin County, Illinois, to recover from the defendant $138.75 for tuition for the six pupils for the time they attended the high school of District No. 7, Greene County. The tuition claimed is at the rate of $3 per month and is $1.25 less than the per capita cost of maintaining the high school of plaintiff.

An appeal was taken from the judgment before the justice of the peace to the Circuit Court, where, on a trial before the court without a jury, a judgment was rendered in favor of the defendant and for costs against the plaintiff. The plaintiff prosecutes this appeal.

The appellant insists that the trial court erred in adjudging that it was not entitled to recover against appellee for the tuition to recover which this suit was begun. That is the only question argued by counsel, and presented to this court for review.

In 1913, the Legislature of Illinois enacted a statute which provides: "That graduates of the eighth grade residing in a school district in which no public high school is maintained, shall be admitted, upon the payment of tuition, to any public high school, with the consent of the school board of the district in which such high school is situated. The tuition of such pupils shall be paid by the district in which they reside, from any funds not otherwise appropriated, but in no case shall the tuition per pupil exceed the per capita cost of maintaining the high school selected. The parent, or guardian, shall select the high school to be attended, subject to the approval of the school directors of the home district: Provided, however, that the high school selected offers a program of studies extending through four school years. The application of this act shall not relate to districts that provide work in the ninth and tenth grades, except to pupils that have

THIRD DISTRICT—JUNE, 1916. 431

Bd. of Edu. D. No. 7 v. School Direct. D. No. 66, 201 Ill. App. 429.

completed the work of such grades." (Section 470, chapter 122, Hurd's Rev. St. 1913, J. & A. ¶ 10143.) This statute was passed to take the place of section 122 of the School Law as found in Hurd's Rev. St. 1907, which had been declared invalid, for the reason that it discriminated against parents who were able to pay the tuition of their children. *People v. Moore,* 240 Ill. 409.

The statute provides that the parent of the pupil may select the high school to be attended subject to the approval of the school directors of the home district. The evidence shows that the matter of the attendance at the high school of appellant was not brought to the attention of the school directors of the appellee, although one of the pupils was the child of a director of appellee. It was after the end of the school year, when the parents had learned of the provision of the statute that took effect July 1, 1913, that the appellant sent a bill to the appellee that brought to the attention of the appellee that pupils from its district had attended the high school of appellant, whose tuition it was requested to pay. Some, if not all, of the pupils who attended the full year, attended the appellant's high school for the year 1913-1914 as a matter of course from having attended the preceding year, when the tuition was paid by the parents. While school directors must act reasonably, and may not arbitrarily refuse to approve the requests of parents that their children, properly qualified, may attend a certain high school, yet the statute states that the selection of the high school to be attended is subject to the approval of the directors of the home district. "It is a cardinal rule in the construction of statutes that effect is to be given, if possible, to every word, clause and sentence. It is the duty of the court, so far as practicable, to reconcile the different provisions, so as to make them consistent and harmonious, and to give a sensible and intelligent effect to each." 36 Cyc. 1128; *Jones v.*

432     APPELLATE COURTS OF ILLINOIS.

Bd. of Edu. D. No. 7 v. School Direct. D. No. 66, 201 Ill. App. 429.

*Grieser,* 238 Ill. 183; *People v. Sholem,* 238 Ill. 203; *Thompson v. Bulson,* 78 Ill. 277; *McReynolds v. People,* 230 Ill. 623. If the Legislature had not intended that the school directors of the home district should have some voice in the selection of the school to be attended, the act would not have contained the statement that the selection of the school should be subject to their approval.

In 1915, the Legislature changed the Act of 1913, by making the selection of the school by the parents subject to the approval of the county superintendent of schools. (Section 470, chapter 122, Hurd's Rev. St. 1915, Cal. Ill. St. Supp. 1916, ¶ 10143 [1].) The Legislature never intended that the question of what school pupils might attend, when their home school district does not furnish the requisite facilities for their education, should be agreed upon arbitrarily by the parents and the directors of the school they desire to attend, without the approval of the home school board, when it is expected to pay the tuition.

The directors of appellant high school and the parents of the pupils deliberately ignored the directors of the appellee district. The statute only makes a school district liable for the tuition of pupils attending a high school in another district after the directors of the resident district have been requested to approve the selection by the parents of the high school that the parents desire their children shall attend.

The appellee is not liable for the tuition of pupils at a high school, when the directors of appellee were not requested to approve the selection of appellant high school for the attendance of such pupils.

The trial court rendered judgment against appellant for costs. The appellant has assigned error on that part of the judgment but has made no argument or citation of authorities on that question. Section 267 of chapter 122 of the Statute, which has been in force since 1857 (J. & A. ¶ 10305), provides that no

costs shall be charged by any officer against school officers when an officer or school corporation brings a suit to recover any school fund. This is a suit to recover a judgment which would have been paid from the school funds of District No. 66, if appellant had obtained judgment. This section of the statute has been given a very liberal construction. *People v. Yeazel,* 84 Ill. 539; *Cassady v. Trustees of Schools,* 94 Ill. 589; *Board of Education v. Trustees of Schools,* 74 Ill. App. 401, affirmed in 174 Ill. 510; *People v. Helt,* 116 Ill. App. 391.

The school funds raised for educational purposes may not be used for the payment of costs. The court erred in adjudging costs against appellant. The judgment will be reversed as to so much thereof as adjudges that appellee recover its costs of appellant, and as to the remainder of the judgment it is affirmed.

*Reversed in part and affirmed in part.*