SECOND DISTRICT—OCTOBER, 1918.    91

Bd. of Ed. U. D. No. 4 v. School D. of D. No. 90, 213 Ill. App. 91.

**Board of Education Union District No. 4, Counties of Cook and Lake, State of Illinois, Appellant, v. School Directors of District No. 90, County of Lake and State of Illinois, Appellee.**

## Gen. No. 6,551.

1. SCHOOLS AND SCHOOL DISTRICTS, § 184*—*necessity of procuring consent of school directors of another district to selection of high school as basis for judgment for tuition.* The fact that a school district at whose high school children from another district attended, supposed that the Act of 1913 (Hurd's Rev. St. ch. 122, § 470, J. & A. ¶ 10143), requiring the consent of the school directors of the home district to the selection of the high school by the parent or guardian, was repealed by the Act of 1915 [Callaghan's 1916 St. Supp. ¶ 10143(1)], admitting pupils without such approval, is not a basis for a judgment for tuition against the home district, there being no attempted compliance with the Act of 1913.

2. SCHOOLS AND SCHOOL DISTRICTS, § 56*—*what is not valid approval of selection of high school in another district by directors.* Under section 111 of the School Law (J. & A. ¶ 10132), providing that no official business shall be transacted by school directors except at a regular or special meeting, there is no valid approval of the selection of a high school in another district by the directors of the home school district, where two of the three directors, not acting at a meeting of the board, separately sign a written approval of the high school.

3. APPEAL AND ERROR, § 1802*—*when cause not remanded.* A cause will not be remanded, upon reversal, where no presumption arises that the facts will appear other or different on another trial.

4. SCHOOLS AND SCHOOL DISTRICTS, § 145*—*nonliability for costs.* A judgment for costs against a school district is improper.

Appeal from the County Court of Lake county; the Hon. PERRY L. PERSONS, Judge, presiding. Heard in this court at the April term, 1918. Reversed with finding of facts. Opinion filed October 10, 1918.

HOWARD P. CASTLE and BENJAMIN H. MILLER, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

92    APPELLATE COURTS OF ILLINOIS.

Bd. of Ed. U. D. No. 4 v. School D. of D. No. 90, 213 Ill. App. 91.

COOKE, POPE & POPE, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

Appellant, Board of Education, sued the appellee, School Directors, in assumpsit to recover tuition of $50 a year per pupil for two pupils from appellee's district attending its high school in the school year 1915-16, and four pupils, including the first mentioned two, for the year 1916-17. The suit was brought under the Act of 1913 (Hurd's Rev. St. "Schools," sec. 470, J. & A. ¶ 10143). There is a provision in that act that the parent or guardian shall select the high school to be attended, subject to the approval of the school directors of the home district. The only controverted issue of fact presented by the pleadings is whether the attendance of said pupils was with the approval of appellee, directors of the home district. There was a trial by the court without a jury, and a judgment of $100 for the plaintiff, which is supported only on the theory that the attendance of one of the pupils, Henry Rieke, had the approval of the directors of his home district, and that the attendance of the other three pupils did not have such approval. The plaintiff appeals, claiming that it is entitled to a judgment for the full amount, $300, because there is no evidence that the directors of the home district disapproved, and no reason why they should disapprove, and on the authority of *People v. School Directors of Dist. No. 8,* 267 Ill. 172, and *People v. School Directors of Dist. No. 89,* 200 Ill. App. 250, they might have been compelled by mandamus to approve. No other authority on that point is cited, and we do not reach that conclusion. A definite issue was made by the pleadings whether the directors of the home district did approve. It could not be affirmatively answered by evidence that they did not approve, but ought to have done so and probably would, had they been requested. Appellant

does not claim that there is any evidence of any action of the board of directors of the home district in the matter of the attendance of the three pupils whose tuition was not allowed by the court. Its counsel say that when the pupils were admitted for the 2 years in question, appellant did not suppose that the Act of 1913, requiring approval of the school directors, was in force, but supposed it was repealed by the Act of 1915 [Callaghan's 1916 St. Supp. ¶ 10143(1)], admitting pupils without such approval, but that the Act of 1915 was declared unconstitutional in *Board of Education v. Haworth*, 274 Ill. 538; therefore the Act of 1913 was the governing statute during all the time in question. This furnishes a reason for no attempt to comply with the provisions of that act, but does not afford ground for a judgment based on its provisions in a case where there was no attempt to comply with them. We conclude that the court did not err in rejecting that claim. *Board of Education of Dist. No. 7 v. School Directors of Dist.* No. 66, 201 Ill. App. 429

Appellee has assigned cross errors and urges that there is no evidence to support a finding that the directors of the home district approved the selection of appellant's school for Henry Rieke, and therefore no basis for the judgment of $100. There is no conflict of evidence on this question. Henry Rieke's father testified for the plaintiff that in 1913 he applied to two of the directors of his home district separately, and that they separately signed a written approval of his selection of appellant district, and that his son attended the appellant high school for 4 years thereafter. This is the only evidence of approval of the school directors of the home district on which the judgment of $100 is based. This condition suggests two questions, one whether approval of the directors of the home district in 1913 would be effective and applicable 2 and 3 years later. The writing was admitted in evidence and was entitled: "Non-resident

Application for Admission to Barrington Public School." The two home directors certified that Henry Rieke was a resident of their district "and is entitled to attend high school under the law effective July 1, 1913." It is not dated, but is proven to have been signed in the summer or fall of 1913; therefore 2 full school years elapsed before the beginning of the period for which recovery is here sought. But it is unnecessary to discuss this question if, as a matter of law, the individual consent of the two school directors of the home district, not acting at a meeting of the board, is of no force or effect. It is not claimed that any approval of the directors, as a board, is otherwise proven. In our School Act [Hurd's Rev. St. subtitle "School Directors," sec. 111 (J. & A. ¶ 10132)], after providing that school directors shall hold meetings, it is expressly provided that: "No official business shall be transacted by the directors except at a regular or special meeting." If in the absence of that provision there might be a question whether school directors could perform official acts except at a meeting where all have an opportunity to be present, it would seem that the legislature intended to answer it. The question was before this court in *Armstrong v. School Directors of Dist. No. 128,* 160 Ill. App. 430. In that case two of the three directors, while together, had employed the plaintiff as a teacher, and he sued the district on that contract, which the trial court held did not bind the district, and this court affirmed the judgment of the trial court because it held that under said section 111 of the School Law (J. & A. ¶ 10132) no official business could be transacted by the directors except at a regular or special meeting; that a conversation with two directors at a casual meeting was of no avail. It appeared that the third director was temporarily out of the State at that time, but the court said that did not dispense with the requirement that a meeting should be called. *School Directors v. Jennings,* 10 Ill.

App. 643, was cited in support of that holding. That was an opinion by Justice Bailey sitting in the First District. He quotes the provision above referred to as to the transaction of business by school directors, and says it is found in the Laws of 1879 and not in previous revisions of the School Law, and must be regarded as placing further limitations upon the powers of school directors to perform official acts. It is further said that the mere fact that two of the directors were together did not constitute an official meeting of the board; that because no meeting of the board was called, whatever was said or done by the directors present was unofficial, and not binding upon the board. In L. R. A. 1915 F. 1047, there is a note with citations of many authorities in support of the proposition that when several persons are authorized to perform a public service, or to do an act of a public nature, as an organized body which requires deliberation, they should be convened in a body that they may have the counsel and advice of every member. The note is interesting, discussing many questions of when and under what circumstances such public officers may be considered as acting at a meeting, but there seems to be no doubt that such individual acting as we are here considering of two school directors is void, and of no binding force or effect. We conclude that the evidence fails to show the approval of the directors of the home district; that the issue on that question, presented by a plea and replication in the case, should have been found for the defendant.

In *Board of Education of Dist. No. 7 v. School Directors of Dist. No. 66, supra,* the court considered the same question that arises here in appellant's assignment of error. There had been no effort to get the approval of the directors of the home district in that case, and it was held that under the Act of 1913 the home district was not liable. The judgment must be reversed, and, because there is no presumption that the

facts will appear other or different on another trial, the cause is not remanded. There should in no event have been a judgment for costs (*Board of Education of Dist. No. 7 v. School Directors of Dist. No. 66, supra*), and none will be entered for costs in this court.

*Reversed with finding of facts.*

Finding of facts. We find that there was no approval of the School Directors of District No. 90, County of Lake and State of Illinois, of the selection of appellant's high school for the attendance of any or either of the four pupils for whom tuition is charged in this action.