Anne Shortal, Appellee, v. School Directors of District No. 27, County of Jersey and State of Illinois, Appellants.

**Gen. No. 8,314.**

Opinion filed October 23, 1929.

O. H. RICHARDS and CHAPMAN & DU HADWAY, for appellants; JACK McDONALD, of counsel.

Sumner & Reardon, for appellee.

Mr. Presiding Justice Eldredge delivered the opinion of the court.

Appellee recovered a judgment for the sum of $370 in the county court of Jersey county in an action of assumpsit brought to recover a balance claimed by her due as her salary as a school-teacher under an alleged contract with appellant. A jury was waived and the case was tried before the court.

Appellee taught the Union School in said district during the school year commencing in the fall of 1926 and ending May 5, 1927, at a salary of $90 per month. The last day of school was celebrated with a picnic and two members of the board of directors, Clendenny, the clerk; and Scribner, the president, were in attendance. Greenwalt, the other member of the board, was not present. The witness Carr was also present. While Carr, Scribner, Clendenny, and appellee were talking together, Carr asked Clendenny and Scribner why they did not hire appellee to teach for the following year commencing in the fall of 1927 and ending in the spring of 1928. Clendenny remarked that it would be satisfactory to him, and he and Scribner decided to go to Greenwalt's home and interview him in reference to the matter. When they arrived there they learned that Greenwalt was at the farm of one Krause helping the latter shell corn, to which place they proceeded, and Clendenny said to Greenwalt, "We came up here to see about employing our old teacher back." Greenwalt replied in substance that there was some opposition to re-employment of appellee and that he would have nothing to do with it; that he did not want to hire a teacher that the community was not all satisfied with, but if Clendenny and Scribner wanted to hire her it was all right with him. Scribner stated in substance that $90 was too much money for that school

as all the larger pupils were leaving and they ought to get a cheaper teacher. Thereupon Greenwalt suggested that Clendenny and Scribner go back to her and maybe they could "jew" her down. When Scribner and Clendenny were about to leave, Clendenny said to Greenwalt, "What will you do?", whereupon the latter replied, "I won't do anything. Whatever you and Truman (Scribner) do will be all right with me." Scribner then replied, "That won't do at all. The three of us ought to have a say." Scribner and Clendenny went back to the picnic and appellee testified that she was informed by them that she had been re-employed. That night Clendenny, the clerk, wrote in the minute book as follows: "May 5, 1927, Truman Scribner and Logan Clendenny after having met Ed. Greenwalt at George Krause's on the day of the school picnic, May 5, 1927, re-employed Mrs. Anne Shortal to teach for the year 1927–1928 at $90.00 per mo. Logan Clendenny, Clerk."

On August 22, 1927, the directors met in a regular meeting and employed another person as teacher of the school. When the school opened in September, both appellee and the other teacher were present and each attempted to act as teacher of the school, but appellee was informed by the directors that the other teacher was the one who should have charge of the school. Appellee procured another school at a salary of $50 per month, and this is suit for the purpose of collecting what she claims to have lost by the refusal of appellant to fulfill its alleged contract with her.

It is the contention of appellant that no legal contract was ever made with appellee for her re-employment as teacher of the school. It is provided by section 111, chapter 122, Cahill's Rev. St., ¶ 119, as follows: "The directors shall hold regular meetings at such times as they may designate and special meetings at the call of the president or any two members. No

official business shall be transacted by the directors except at a regular or a special meeting.'' Section 112 provides: ''The clerk shall keep in a punctual, orderly and reliable manner, a record of the official acts of the board which shall be signed by the president and the clerk, and submitted to the township treasurer for his inspection and approval on the first Mondays of April and October, and at such other times as the treasurer may require. On all questions involving the expenditure of money, the yeas and nays shall be taken and entered on the records of the proceedings of the board.'' The 7th paragraph of section 114 provides that it shall be the duty of the board to appoint all teachers and fix the amount of their salaries.

The meeting of the directors at Krause's farm cannot under the most liberal construction be deemed either a regular or a special meeting thereof. There is no evidence to show that it was a regular meeting and the evidence conclusively shows that it was not a special meeting called in the manner provided by the statute. It has been repeatedly held by the courts of this State that business attempted to be transacted at casual meetings of the members of school boards and similar bodies has no legal significance or validity. One of the earliest cases involving this question is that of *School Directors v. Jennings,* 10 Ill. App. 643, where it was held: ''We are inclined to the opinion, therefore, that under the law as it existed at the date of the contract sued on in this case, the directors had no power to employ a teacher, except at a regular or special meeting of the board, and unless it is shown that the plaintiff was appointed at such a meeting, the contract of the directors with her was entered into without authority of law and is incapable of enforcement.''

The above case has been followed in a long line of decisions. *Board of Education v. School Directors,*

213 Ill. App. 91; *Crawford v. Board of Education,* 215 Ill. App. 198; *Board of Education v. Barracks,* 235 Ill. App. 35; *Kimmel v. Board of Education,* 244 Ill. App. 257; *Scanlan v. Board of Directors,* 245 Ill. App. 357; *National Bank of Decatur v. Board of Education,* 205 Ill. App. 57; *Routson v. Slater,* 202 Ill. App. 487.

The evidence in this case does not show that any contract was ever entered into by the appellant and appellee, and as the case was tried before the court without a jury, the judgment of the county court of Jersey county is reversed without remanding, with the following finding of fact to be recorded in the judgment in this case:

The court finds as a fact from the evidence that no contract of hiring was entered into by appellant and appellee.

*Reversed with finding of fact.*