Trustees of Schools, Township 24, Range 5, McLean County, Appellant, v. Lester Martin, Appellee.

Gen. No. 8,316.

Opinion filed October 23, 1929. Rehearing denied January 10, 1930.

A. E. and R. C. DeMange, for appellant.

Adlai H. Rust, for appellee.

Mr. Presiding Justice Eldredge delivered the opinion of the court.

On April 30, 1924, the term of one J. J. Barnes as treasurer of Township 24, north, range 5, east of the third principal meridian, McLean county, Illinois, expired and he failed to turn over $19,000 which had come into his hands as treasurer, to his successor in office. Lester Martin, appellee, was at that time State's Attorney for said county. Pursuant to his duty as State's

Attorney he brought suits upon the official bonds of said Barnes to recover the amount of the default on behalf of the trustees of schools of said township. The term of office of appellee as State's Attorney expired December 1, 1924 and before the suits could be brought to trial. Appellee, however, continued to act as attorney for appellant, successfully prosecuted the suits and collected the judgments. He retained out of the money collected $2,000 as a reasonable attorney fee for the services he performed since the termination of his office as State's Attorney. The present action is brought to recover the $2,000 so retained by him. A jury was waived, a trial had before the court who found the issues joined in favor of appellee and judgment was rendered accordingly.

There is very little conflict in the evidence and the facts as shown by the manifest weight thereof, are substantially as follows: during the month of December, 1924, after the term of office of appellee as State's Attorney had expired, Mrs. Dement, county superintendent of schools, requested appellee to come to her office; Mr. Elton Bane, one of the school trustees, was present when appellee arrived; Mrs. Dement asked Mr. Elton Bane, who was president of the board, if he did not think appellee ought to finish those cases because he knew all about them and the difficulties they had had to meet and the new State's Attorney would not know anything about them, to which Mr. Bane replied: "Yes, I guess so." Appellee said that it was up to the trustees, if they wanted him to. Elton Bane, as president of the board had taken the principal charge of the matter. No other trustees were present during the conversation. No contract was made at any regular or special meeting of the board. The basis of the claim of appellee for fees is the conversation above-mentioned and for services performed under the *quantum meruit*.

There is no question but that the services were well and successfully performed and that the amount of fees claimed is reasonable. The issue is whether any contract for fees, either expressed or implied, arose from the facts and circumstances shown by the record in this case.

Section 33, ch. 122, ¶ 33, Cahill's Rev. St., provides for the organization of the trustees and also: "It shall be the duty of the president to preside at all meetings of the board and to sign the proceedings thereof when recorded."

Section 34 is as follows: "It shall be the duty of the trustees of schools to hold regular semiannual meetings on the first Mondays of April and October. Special meetings may be called at any time by the president or by two members. Two members shall constitute a quorum for the transaction of business." It has been uniformly held in this State that a corporation of this character can only bind itself when the officers act officially in a regular or special meeting and when such official acts are evidenced by the record of the board. This rule is founded upon sound public policy and is to prevent the evil of individual members of such boards binding the same by casual agreements. The statute specifically provides that it shall take two members to constitute a quorum for the transaction of business, and by clear implication, the business of the board can only be transacted at some regular or special meeting thereof. In the case of *Shortal v. School Directors*, 255 Ill. App. 89, decided by this court at this term we have cited numerous cases which are more or less applicable to the case at bar.

Other reasons have been presented by appellant for the reversal of the judgment which we do not deem necessary to discuss.

The judgment of the circuit court must be reversed and as the case was tried before the court without a

jury, it is ordered that judgment be entered herein in this court in favor of appellant and against appellee in the sum of $2,000 with interest thereon from September 28, 1926 to October 23, 1929 at the rate of 5 per cent per annum, and costs, and that execution issue therefor.

*Judgment reversed and judgment entered for plaintiff.*