Bituminous Casualty Corporation, Appellant, v. Robert Folkerts et al., Board of Directors of School District No. 83, Appellee.

Gen. No. 41,086.

Heard in the third division of this court for the first district at the February term, 1940. Opinion filed May 22, 1940.

HOWARD E. DeLONG, of Chicago, for appellant; E. C. FRANK MEIER, of Chicago, of counsel.

GUY C. GUERINE, of Chicago, for appellee.

MR. JUSTICE HEBEL delivered the opinion of the court.

This is an action by the plaintiff to recover insurance premiums on a certain workmen's compensation insurance policy under a contract in writing alleged to have been entered into with the defendant.

Plaintiff appeals from a judgment rendered against it in this action, which action was brought by it against the defendant for the recovery of certain unpaid premiums of insurance on a workmen's compensation policy in the amount of $1,080.16 and interest.

The cause was heard before the court without a jury, upon complaint as amended and answer and additional answer and upon evidence offered by the parties.

From the facts as they appear in this record, it appears that by the terms of the insurance policy received in evidence the plaintiff agreed with the defendant to pay promptly to any injured employee of the school district, or to his dependents entitled thereto, benefits as provided by the Illinois Workmen's Compensation Law.

The plaintiff undertook to defend all suits or proceedings against the school district on account of any such injury and to pay all costs accruing in legal proceedings. It also appears that this contract was to apply to all such injuries sustained by any person or persons employed by the defendant; that the policy was to apply to all such accidental injuries sustained by the operations described in said policy, during the policy period, subject to certain conditions named, the premium to be based upon the entire payroll of employees during the policy period while engaged in the business described, together with all operations incident or appurtenant thereto, or connected therewith. The contract further provided that if any operations as therein defined were undertaken by the school district which were not described or rated in said policy, the school district was to pay the premium thereon at the time of final adjustment in accordance with the provision contained in the policy and at the rates and in compliance with the rules provided for and in use by the plaintiff upon the date of issue of the policy.

It appears from the record that the defendant, School District No. 83, is a school district in a rural part of Cook county, having a population of 450. It expended from $3,000 to $3,500 annually, in operating the school district. Arnold J. Wieck and Paul Surak were directors of the school district in the year 1935. Arnold J. Wieck was secretary of the Board and Paul Surak was president of the Board. The Board consisted of three members.

Regular meetings of the Board were held once a

month at the school building, and occasionally, by agreement of the directors, meetings were held at the homes of the members of the Board.

The Board of Directors held their regular March meeting on March 28, 1935, and their regular April meeting on April 15, 1935. Both of these meetings were held at the school building. No other regular or special meetings were held in these months.

It further appears from the facts as presented to the trial court that on the morning of March 10, 1935, while Arnold J. Wieck and Paul Surak, directors, were on the school grounds they were approached by an insurance agent, who advised them to buy an insurance policy. Mr. Wieck and Mr. Surak instructed the insurance agent to ascertain the cost of a policy. Several days later a policy was delivered by the insurance agent, who stated that the policy was very reasonable, costing only $147 and because it was so cheap he had taken the liberty of bringing a policy with him. Mr. Wieck consulted Mr. Surak, the president of the Board. Together they agreed that the charge of $147 was reasonable and they decided to take the policy. The other member of the Board was not consulted on this subject. Later a bill for $147 was sent to Mr. Wieck and he drew an order for payment and had the president sign it. It was then mailed to the insurance agent.

It does not appear from the records of the School Board or anything that was called to the attention of the trial court that a regular or special meeting was held for the purpose of authorizing the purchase of the policy, or for the payment of the bill. Neither the bill nor the policy was presented, accepted or approved at any meeting of the Board of Directors of the school district, and it does not appear from anything in the record that the members of the Board were informed that the total premium would amount to $1,227.16. The only evidence is what the agent told the members at the

time the policy was delivered, and that is that $147 was all the policy would cost.

The minutes of the regular meetings held in the years 1935 and 1936 were introduced in evidence. It does not appear from the record that there was any authorization for the purchase of the policy or for its payment. As soon as the defendant learned that an additional premium was to be charged, the policy was returned to the insurance agent, with instructions to cancel it.

Upon conclusion of the hearing the court entered the judgment for the defendant, as we have stated.

In the consideration of the questions that are involved in this litigation, it is well to have in mind the section of the statute applicable thereto. Ch. 122, par. 119, sec. 111, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 123.126] provides: "No official business shall be transacted by the directors except at a regular or special meeting." Section 112 of the same act [Ill. Rev. Stat. 1939, ch. 122, par. 120; Jones Ill. Stats. Ann. 123.127] also provides: "The clerk shall keep in a punctual, orderly and reliable manner, a record of the official acts of the board which shall be signed by the president and clerk, and submitted to the township treasurer for his inspection and approval on the first Mondays of April and October, and at such other times as the treasurer may require. On all questions involving the expenditure of money, the yeas and nays shall be taken and entered on the records of the proceedings of the board."

In the case of *Ready v. Board of Education, School Dist. No. 103, Madison County,* 297 Ill. App. 342, where like questions were involved, this court said:

"Section 127, ch. 122, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 123.145] provides that a board of education shall have all the powers of school directors and be subject to the same limitations. Section 112, ch. 122, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 123.127] directs that the clerk shall keep in a punctual, orderly and reliable manner a record of the official acts of the

board and that on all questions involving the expenditure of money, the yeas and nays shall be taken and entered on the records of the proceedings of the board. Such provisions are mandatory and a failure to observe them is fatal. *People v. Chicago & E. I. Ry. Co.,* 314 Ill. 352; *Crawford v. Board of Education District No. 88,* 215 Ill. App. 198. The purpose of the statute in requiring a yea and nay vote and the recording of the same is to give the taxpayers an opportunity to know how each member voted. The method followed by defendant appellee gives no such information and is in direct violation of the statutory provisions. The verbal acceptance of employment by plaintiff appellee did not operate as a waiver of the statutory requirements for they were enacted for the benefit of the taxpayers of the district and no liability could be created against the district except by a compliance therewith.''

The defendant contends that in the present case the solicitation by an insurance agent on the school grounds of two members of the Board, granting the most liberal construction, can hardly be called an official act of the school board; neither can it be said that the delivery of the policy to the clerk at his home with a statement that $147 was all the policy would cost, can be termed an official action of the School Board, and cities in support of its position the case of *Shortal v. School Directors of Dist. No. 27, County of Jersey,* 255 Ill. App. 89. The same question was presented to the Appellate Court, Third District. In that case two of the school directors went to the farm of the third director for the purpose of discussing the reemployment of one of the teachers. After a general discussion one of the directors said, ''Whatever you and the other director do will be all right with me.'' Two of the directors then notified the teacher that she had been re-employed. The clerk of the school district wrote the following in his minute book: ''May 5, 1927, Truman Scribner and Logan Clendenny after having met Ed. Greenwalt at George Krause's on the

day of the school picnic, May 5, 1927, re-employed Mrs. Anne Shortal to teach for the year 1927-1928 at $90.00 per mo. Logan Clendenny, Clerk." and the Appellate Court in passing upon this proceeding said:

"The meeting of the directors at Krause's farm cannot under the most liberal construction be deemed either a regular or a special meeting thereof. There is no evidence to show that it was a regular meeting and the evidence conclusively shows that it was not a special meeting called in the manner provided by the statute. It has been repeatedly held by the courts of this State that business attempted to be transacted at casual meetings of the members of school boards and similar bodies has no legal significance or validity. One of the earliest cases involving this question is that of *School Directors v. Jennings,* 10 Ill. App. 643, where it was held: 'We are inclined to the opinion, therefore, that under the law as it existed at the date of the contract sued on in this case, the directors had no power to employ a teacher, except at a regular or special meeting of the board, and unless it is shown that the plaintiff was appointed at such a meeting, the contract of the directors with her was entered into without authority of law and is incapable of enforcement.' "

A question of like character was passed upon and approved in the case of *Scanlan v. Board of Directors, Dist. No. 39,* 245 Ill. App. 357.

In the case of *Kimmel v. Board of Education Marion School Dist. No. 52,* 244 Ill. App. 257, upon the question involving the hiring of a school principal, this court said:

"The Board of Education shall have all the powers of school directors and shall be subject to the same limitations. Callaghan's Ill. St. Ann. ch. 122, ¶ 137. The clerk shall keep in a journal a record of the official acts of the Board and on all questions involving the expenditure of money the yeas and nays shall be taken and entered on the records of the proceedings of the

Board. Callaghan's Ill. St. Ann. ch. 122, ¶ 120. It has been held that provisions of that nature are mandatory and a failure to observe them is fatal. *People v. New York Cent. R. Co.,* 314 Ill. 429; *People v. Chicago & E. I. R. Co.,* 314 Ill. 352. This court applied the same rule where the employment of a principal was involved. *Crawford v. Board of Education Dist. No. 88,* 215 Ill. App. 198.

"The employment of appellee involved the expenditure of money. The motion to employ him was not carried by a yea and nay vote taken and entered upon the record of the proceedings of the Board as required by the statute. On the contrary the record shows that he was employed upon a secret ballot. That being true, we are of the opinion that the president and secretary of appellant were without authority to execute the contract upon which this suit was brought. The judgment is reversed at the costs of appellee." And in the case of *Board of Education Union Dist. No. 4 v. School Directors of Dist. No. 90,* 213 Ill. App. 91, in discussing *Armstrong v. School Directors of Dist. No. 128,* 160 Ill. App. 430, where the question arose as to whether the plaintiff was properly employed as a teacher, the court in holding that the contract was not binding on the district, held that a conversation with two directors at a casual meeting was of no avail and even though the third director was temporarily out of the State at that time, did not dispense with the requirement that a meeting should be called.

And then in the case of *National Bank of Decatur v. Board of Education, of Decatur School Dist.,* 205 Ill. App. 57, the court held that the power of a school board to enter into a contract on behalf of the school district must be exercised by them as boards, as provided for by statute. The court said:

"It is said in 'Cyc.' vol. 35, page 958:

" 'The power of a school board or committee to enter into contracts on behalf of the school district must be

exercised by them as boards and not as individuals; and hence it is necessary, in order that such a contract may be binding, that it be authorized or executed at a board meeting regularly adjourned to, or regularly called, at which all the members of the board are present or have had notice to be present. . . . In accordance with these rules a contract is not binding on the district, if it is executed by members of the board acting separately and individually and not as a body convened for the transaction of business, although it is actually executed by a majority of the board. . . .' ''

So when we come to consider the facts in this case, the policy of insurance was not approved by a yea vote of the members of the School Board at a meeting called for the purpose of transacting business and entered upon the records of the school board, and it is apparent that the president and the secretary of this School Board were without authority to execute the contract or approve the issuance of the contract in question and upon which the plaintiff instituted suit. Upon an examination of the School Board records we are unable to find anything which would indicate that this insurance policy was approved at a meeting of the School Board at which all the members were present or had notice of such meeting, and it does not appear that even the $147 that was received by the insurance company was before the Board at which a yea or nay vote was taken to approve this payment.

The plaintiff, however, suggests that where a school district has negotiated a contract within its general powers irregularly or by one not authorized, but nevertheless permits the other party to fulfill its obligation or obtains benefits by reason thereof, such school district will be held liable on its implied contract, and points to authorities under a classification of cases which hold that where a municipal corporation has been unjustly benefited by means of an unauthorized or irregular contract which it was within the general powers

of the corporation to make, even though there can be no action brought upon the contract itself, nevertheless the corporation would be held liable on an implied contract under the same principles as would be applicable to an individual. The authorities cited are: McQuillin on Municipal Corporation, sec. 1280, vol. 3, p. 835; *Hall v. County of Cook,* 359 Ill. 528. The latter case was an action brought by the plaintiff to recover for services rendered as an architect in drawing plans for a civic auditorium. The Supreme Court in speaking of this action said: ''There was a valid employment of the plaintiff. Cook County assumed, before there was any enabling act, to have the power to construct a civic auditorium as a building necessary for the residents of the county.'' There it is to be noted the Supreme Court speaks of a ''valid employment of the plaintiff.'' In the instant case there was not a valid contract entered into between the plaintiff and the school district, and of course there could be no recovery. The only authority the members of the school district had in that instance was that provided for by the statute that we have quoted, and there being nothing in the record to show that a contract was entered into of the character the plaintiff claims it provided at the request of certain members of the school board, there was no approval and recording of the contract, as required by law.

Other cases similar to the *Hall* case are cited, but they are not applicable to the instant case.

The plaintiff called the court's attention to the case of the *Bituminous Casualty Corp. v. City of Harrisburg,* 303 Ill. App. 75 as having a bearing upon the question involved in the instant case. The court reversed the judgment entered upon a directed verdict for the defendant and directed that the facts are ''sufficient to warrant the court in submitting that question to the jury under proper instructions as to what would amount to a hiring or to employment.''

It is to be noted that a contract was entered into by

452

the parties in the above case which is not the case in the pending action and of course does not apply.

There are other questions, but in view of the fact that we have reached the conclusion that the contract was not entered into between the plaintiff and the school district as required by law, it will not be necessary to pass upon these further questions.

For the reasons stated the judgment is affirmed.

*Judgment affirmed.*

Denis E. Sullivan, P. J. and Burke, J., concur.