## E. E. Routson et al., Appellants, v. George E. Slater et al., Appellees.

### (Not to be reported in full.)

Appeal from the Circuit Court of Fulton county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the April term, 1916. Reversed and remanded with directions. Opinion filed October 13, 1916. Rehearing denied December 2, 1916. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Bill for an injunction filed by E. E. Routson and others, complainants, against George E. Slater and others, defendants, to restrain the construction of a schoolhouse. From a decree dismissing the bill, complainants appeal.

Complainants as taxpayers in school district No. 158, in Township 4 North, Range 3 East of the Fourth

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Principal Meridian in Fulton county, filed their bill in chancery in the circuit clerk's office of said county praying for an injunction restraining defendants, as the board of directors of said school district, "from moving said schoolhouse site in said district from its present location and from building a new schoolhouse on said pretended new schoolhouse site, and from issuing bonds or levying a tax upon the property of said school district for the purpose of building such new schoolhouse." Later, by proper amendment to the bill, one Henry Hughes was made a defendant as a contractor interested in the construction of the proposed new schoolhouse. Defendants appeared and answered the bill. The important part of the answer was that a special election was legally called on July 23, 1914, and was legally held in said school district on August 6, 1914, in which election about one-third of the legal voters of that district participated, and that a large majority of those who voted at that election cast their ballots for a new schoolhouse site, for building a new schoolhouse and for issuing bonds to raise money with which to build the same.

Complainants, while admitting that a pretended election was held in said district on August 6, 1914, and that the result of the same was as stated by defendants, denied that such election was properly called or held, or that the result of it authorized or justified defendants in the doing of the things contemplated.

A typewritten, purported record of a meeting of the directors supposed to have been held on July 23, 1914, which had been dictated by an attorney and by him pasted into the record book some three months after this suit was brought, was introduced in evidence to prove the calling of the special election in question. That writing was as follows:

"STATE OF ILLINOIS,  ⎫
"COUNTY OF FULTON, ⎬ ss.
"TOWN OF ISABEL.    ⎭

"July 23, 1914, a special meeting of the school Directors of School District 158, Fulton County, State of Illinois, was held at the Penny Grocery Store in said district, said meeting called by the president, due notice having been given to all of the directors.

"The directors present were Geo. Slater, Clyde Guiher and M. O'Malley. The object of said meeting was for acting upon the questions of calling a special election to vote upon the questions of a new schoolhouse. After considerable discussion among the directors it was ordered by the directors all members voting 'Aye' that a special election be called for the said following purposes.

"1.   Voting for or against the proposition to change the site of the Schoolhouse in Dist. No. 158 from its present location to S. E. Corner of the George Dilworth farm.

"2.   Voting for or against the proposition to build a new schoolhouse in Dist. 158, the same to cost not to exceed $2,000.

"3.   Voting for or against the proposition to bond Dist. No. 158 in a sum not to exceed $2,250 to pay for new building and new site.

                    Geo. C. Slater, President.
                    M. O'Malley, Clerk."


HARVEY H. ATHERTON, for appellants.

M. P. RICE, for appellees.

MR. JUSTICE GRAVES delivered the opinion of the court.

### Abstract of the Decision.

1.   SCHOOLS AND SCHOOL DISTRICTS, § 65*—*what essential to validity of election to build schoolhouse.* An election held for the pur-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

pose of choosing or changing a schoolhouse site, building a new schoolhouse or issuing bonds is a special election and must be called by the directors of the school district in which the election is to be held.

2. SCHOOLS AND SCHOOL DISTRICTS, § 56*—*when directors cannot act as a board.* School directors cannot act as a board except at a general or special meeting.

3. SCHOOLS AND SCHOOL DISTRICTS, § 56*—*how proceedings at directors' meetings must be established.* The only way the facts can be established that a regular or special meeting of a board of school directors was held or what, if any, business was transacted at such meeting is by the record which the law requires shall be kept in such matters.

4. SCHOOLS AND SCHOOL DISTRICTS, § 56*—*when purported record of directors' meeting insufficient to show election was duly called.* On a bill for an injunction to restrain the building of a schoolhouse, on the ground that no election on the proposition had been properly called and held, a writing purporting to be a record of a meeting held by the school directors, drawn up by an attorney and pasted into the record book of the directors three months after the suit had been brought, reciting that a meeting of the directors had been held after due notice given them at a certain place and time, naming the directors who were present; that the object of the meeting was to act upon the question of calling a special election to vote upon the question whether a new schoolhouse should be built, etc.; that it was ordered that a special election be called for the purpose of voting upon the question whether a new schoolhouse should be built, etc., but not stating that an election was called nor when or where it was intended that such election should be held, when it should be called, was not proper proof that such election had been properly called.

5. SCHOOLS AND SCHOOL DISTRICTS, § 56*—*when recitals in posted notices of election insufficient to show that directors had called election.* Recitals in posted notices of an election to be held on the question whether a new schoolhouse should be built, a site purchased and bonds issued in payment therefor, reading "by order of the board of directors of the said district, dated this 27th day of July, 1914," *held* not acceptable as proof that an election had been properly ordered by the board.

6. SCHOOLS AND SCHOOL DISTRICTS, § 65*—*when building of new schoolhouse should be enjoined.* On a bill for an injunction to restrain a board of school directors and a building contractor from changing a school site, building a new schoolhouse, and issuing bonds in payment therefor, *held* that there being no proper proof

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

that any special election was called submitting the proposition to the voters, the injunction should have been granted.

7. SCHOOLS AND SCHOOL DISTRICTS, § 86*—*when evidence insufficient to show holding of valid election to build schoolhouse.* On a bill to enjoin school directors and a contractor from proceeding with the erection of a schoolhouse, on the ground that no election had been properly called for a vote on the question whether the schoolhouse should be built, a writing, dictated by an attorney after the suit had been commenced, purporting to be a record of the holding of an election on the proposition and posting of notices and the result of such election, which writing was pasted in the directors' record book, labeled "Amended Records," *held* not to constitute proper proof of the holding and result of a legal election, especially when the election was void for want of proper preliminary steps, there being no proper proof of authority in the attorney to amend the record or of what record the writing was supposed to be an amendment.