## Alice Scanlan, Appellee, v. Board of Directors, District No. 39, Appellant.*

1. SCHOOLS—*essentials to contract hiring teacher.* To make a valid contract employing a teacher, the board of directors can only act on a yea and nay vote taken and entered on the records of the board's proceedings, without which contract there is no cause of action for salary.

2. SAVING QUESTIONS FOR REVIEW—*motion for new trial as preserving sufficiency of evidence.* If a defendant names as one of the grounds in his motion for new trial that the verdict was contrary to law and evidence, the question of the sufficiency of the evidence to support the verdict is preserved for review.

3. SCHOOLS—*sleeping of teacher during school hours as showing incompetency.* A verdict in favor of a discharged school teacher for unpaid salary during the unexpired term was against the great weight of the evidence which showed that she slept during school hours.

Appeal by defendant from the Circuit Court of Jasper county; the Hon. F. R. DOVE, Judge, presiding. Heard in this court at the March term, 1925. Reversed and remanded. Opinion filed August 5, 1925.

C. D. FITHIAN and VERNE C. CHAPMAN, for appellant.

KASSERMAN & KASSERMAN, for appellee.

MR. JUSTICE BARRY delivered the opinion of the court.

Appellee had a written contract with the school directors to teach their school for seven months. They discharged her at the end of four months and she sued to recover salary for the balance of the term. The trial resulted in a verdict and judgment for $195.

The statute provides that no official business shall be transacted by the directors except at a regular or special meeting; that the clerk shall keep a record of

---

* Received from clerk of Appellate Court, August 8, 1927.

the official acts of the board and on all questions involving the expenditure of money the yeas and nays shall be taken and entered upon the records of the proceedings of the board. Cahill's St. ch. 122, ¶¶ 119–120.

There is nothing upon the records of the proceedings of the board to indicate that appellee was employed as a teacher. The directors were D. L. Adkins, Bruce Ellis and Lawrence Britton. The clerk of the board was D. L. Adkins. School opened for the term on the morning of September 4, 1922. On that day Mr. Adkins and Mr. Ellis were working at a neighbor's and after dinner Mr. Ellis said they had better write a contract for the teacher. Mr. Adkins then wrote the contract and about that time Mr. Britton came along and the three directors signed it.

The record of a regular meeting of a board of education with reference to the employment of a teacher was as follows:

"Motion by Johnson & sec. by Davis to employ J. W. Crawford as our next Principal of Schools at $125 per Mo. Votes 3 Yes & 1 No." Some time after that meeting a contract was signed by four members of the board at their several places of abode or business and we said that to hold the alleged contract valid would do violence to the provisions of the statute. *Crawford v. Board of Education Dist. No. 88,* 215 Ill. App. 198.

The employment of appellee necessarily involved the expenditure of money and under the statute the directors could only act in that regard by a yea and nay vote taken and entered upon the records of the proceedings of the board. The statute is mandatory and cannot be disregarded. *People ex rel. Ballance v. Chicago & E. I. Ry. Co.,* 314 Ill. 352. The intention of the legislature is clear and explicit and we hold that the directors had no authority to execute the contract in question in the absence of a showing that the board had complied with the statute.

Appellee insists that the validity of the contract is not properly before us because it was admitted in evidence without objection. The contention is not sound. One of the grounds relied upon by appellant for a new trial was that the verdict was contrary to the law and the evidence. The question as to the sufficiency of the evidence to sustain the verdict was thereby preserved and it is our duty to consider it. *Yarber v. Chicago & A. Ry. Co.*, 235 Ill. 589; *Anderson v. Karstens*, 297 Ill. 76.

Six of the pupils testified on behalf of appellant. One was 15 years old, three were 13, one was 12 and another 11 at the time in question. Marion Adkins says that appellee was asleep from one to three times most every day during school hours and slept from 2 to 10 or 12 minutes on those occasions. He says that he and others threw many paper wads and corn cobs at such times; that they would crawl around on their hands and knees; that some would walk around the room; that some would leave their seats and get in the seats of others and would whisper and talk aloud. Raymond Mulvy's testimony was much the same and also that he crawled around on the floor. That of Lloyd Adkins was to the same effect. He says he crawled on the floor and threw paper wads; that appellee called some of the children liars, fools, blockheads and wretches.

The testimony of Millard Bixler was much the same in regard to the sleeping, throwing paper wads and crawling on the floor. He says he threw wads and crawled every day and that he heard appellee call one of the boys a liar. His sister testified to the same effect and in addition that sometimes the children would holler "wake up" and appellee was asleep and did not hear them. She says she threw paper wads and that she heard appellee call some little silly fools, blockheads and wretches. Belva Adkins' testimony was to the same effect and in addition thereto that one

of the boys struck matches and some of the children left school and went home while appellee was asleep. She says she threw wads; that appellee called her a wretch while in class.

Three pupils testified on behalf of appellee. One was 9 and the others 11 years old at the time in question. Clois Britton testified that he never saw appellee asleep during school hours; that he never saw anyone throw paper wads or corn cobs; that he never saw any of the children crawl on the floor or strike matches and never heard appellee call them names. He said he wouldn't say that the pupils didn't do those things. He was contradicted by Robert Bean who testified that Britton told him appellee slept in school, and Woodrow Mulvy testified that Britton told him that he would testify in favor of appellant but his folks wouldn't let him.

Eunice Eveland says that she didn't see or hear any of the things testified to by appellant's witnesses but said she wouldn't testify that they didn't do those things. She didn't know whether the teacher slept in school and would not say she didn't. She could not remember what did take place but did remember that she saw some one striking matches. Sybil Eveland said she didn't see appellee sleeping, but doesn't know whether she was asleep. She saw some of the children throwing paper wads and saw some on their knees and saw a boy striking matches on the floor.

Appellee testified that she never slept during school hours; that she never saw any of the children throw cobs and didn't remember seeing Marion Adkins throw paper wads to any extent; that she never saw any of the children crawling on the floor; that she never called a pupil a liar, but admits that she told one of the boys that it looked like he was telling a lie; that she never called one of the girls a wretch and didn't remember calling one of them a blockhead. The great weight of the evidence is to the effect that she frequently slept

in school. If she slept it would not be strange if she failed to see and hear what was going on at such times. We are constrained to hold that the verdict is manifestly against the weight of the evidence. The judgment is reversed and the cause remanded.

*Reversed and remanded.*