## A. Perry Ready, Appellant, v. Board of Education, School District No. 103, Madison County, Appellee.

Heard in this court at the May term, 1938. Opinion filed November 7, 1938. Rehearing denied December 12, 1938.

HENRY B. EATON, of Edwardsville, for appellant.

WILBUR A. TRARES, of Edwardsville, for appellee.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

In this action plaintiff appellant seeks to recover damages for the breach of an alleged contract of em-

ployment whereby he claims he was employed to teach in defendant appellee's schools for nine months, 1936–1937 at $200 per month. The case was tried without a jury and resulted in a judgment for defendant.

There was no written contract and the sole question is whether the record of the minutes of various meetings held by defendant together with plaintiff appellant's acceptance constituted a contract of employment.

Plaintiff appellant had been in defendant's employment as a teacher for five school years prior to the time in question. Plaintiff appellant introduced in evidence defendant's records of meetings held at frequent intervals covering a period of 30 days prior to May 7, 1936, but our view is that these prior meetings contain nothing of value in determining whether there was a legal contract. They do establish the fact that there was a division of opinion among the members of the board as to whether plaintiff appellant and certain other teachers should be employed for another year but there was no official action taken that has any of the elements of an offer of employment. The record of May 7th as it pertains to this matter is as follows, "Motion by Mr. Wiegant, seconded by Mr. Gilles that the Board vote by Ballot on the teacher question, each teacher to be voted on separately. Namely Mr. Ready, Mr. Ferril, Miss Cochran, Miss Perkins. Carried (Un.) by Roll Call.

"Mr. Ready———

| | |
|---|---|
| Yes vote to retain | No vote to dismiss. |
| Yes, four (4) ballots | No, two (2) ballots." |

At this meeting or one held immediately thereafter plaintiff appellant appeared before the board and verbally stated he would accept the employment. Within a few days thereafter the board rescinded the action of May 7th.

Section 127, ch. 122, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 123.145] provides that a board of education

shall have all the powers of school directors and be subject to the same limitations. Section 112, ch. 122, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 123.127] directs that the clerk shall keep in a punctual, orderly and reliable manner a record of the official acts of the board and that on all questions involving the expenditure of money, the yeas and nays shall be taken and entered on the records of the proceedings of the board. Such provisions are mandatory and a failure to observe them is fatal. *People v. Chicago & E. I. Ry. Co.*, 314 Ill. 352; *Crawford v. Board of Education District No. 88,* 215 Ill. App. 198. The purpose of the statute in requiring a yea and nay vote and the recording of the same is to give the taxpayers an opportunity to know how each member voted. The method followed by defendant appellee gives no such information and is in direct violation of the statutory provisions. The verbal acceptance of employment by plaintiff appellee did not operate as a waiver of the statutory requirements for they were enacted for the benefit of the taxpayers of the district and no liability could be created against the district except by a compliance therewith.

The judgment is affirmed.

*Judgment affirmed.*