Julia Muehle, Plaintiff-Appellant, v. School District No. 38, County of Lake and State of Illinois et al., Defendants-Appellees.

Gen. No. 10,441.

Opinion filed September 14, 1951. Released for publication October 2, 1951.

FRANK M. DALY, of Waukegan, for appellant.

GEORGE S. MCGAUGHEY, of Waukegan, for appellees; GEORGE S. MCGAUGHEY, EDWARD A. TUROWSKI, and WILLIAM A. HOLMQUIST, all of Waukegan, of counsel.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

This is an appeal by Julia Muehle, plaintiff, from a judgment entered against her in favor of School District No. 38 in Lake county and its Board of Directors, whereby she was denied salary for the last three months of the school year 1948–1949 following her dismissal on March 7, 1949 as an elementary schoolteacher.

The following facts are substantially undisputed: That sometime during the week following Labor Day of 1948, Julia Muehle was visited by one Mercedes Rankin, a teacher and principal of an elementary school in School District No. 38, who had been told by the District Board of Directors to find a teacher for the year; that the Board could afford to pay $200 per month for nine months; that Miss Rankin told

this to appellant. Upon these terms, and without any interview or prior official action by the Board, appellant entered into and performed teaching duties from the 8th or 9th of September, 1948, until the 1st day of March, 1949, for which she receivel payment of $200 per month, or a total of $1,200. A limited state emergency teaching certificate dated January 5, 1949, and to expire by its terms at the end of the current school year, i. e. June 30, 1949, was secured by the Board for appellant.

On the night of February 28, 1949, an informal meeting was held in the schoolhouse and attended by all three directors of the Board, appellant, and approximately 8 parents of pupils in appellant's first, second and third grade classes. The meeting was held for the purpose of hearing parents' complaints against appellant's conduct as a teacher, and the parents did voice certain complaints. No official business was transacted nor minutes kept of the meeting that night. Following the meeting, on March 7, 1949, a letter of dismissal was directed to appellant over signatures of the president and clerk of the Board of Directors. Appellant received the letter, and rendered no services after that date. Appellant brought suit on July 26, 1949, in the Lake county circuit court for $600 representing the balance allegedly due for the remainder of the school year at the rate of $200 per month. Upon a hearing by the court without a jury on February 11, 1950, judgment was entered in favor of defendant.

■■ Appellant contends, without citation of authority, that the foregoing undisputed facts are sufficient to establish an oral contract for annual compensation, rather than upon a monthly basis. It is unnecessary to consider this contention, because there is no evidence that appellant was ever legally hired. There is nothing upon the minutes of the Board, in-

sofar as disclosed by the record, indicating any vote to expend money for appellant's employment, nor does there appear any official business transaction by the Board regarding appellant at any time prior to the Board meeting of February 7, 1949, the minutes of which simply reveal the presence of certain parents complaining of appellant's actions. None of the directors interviewed appellant prior to her assumption of teaching duties, and the directors' only specific action in her regard, as recorded in the minutes introduced in evidence, was the approval of her dismissal at the Board meeting of March 7, 1949. It was incumbent upon appellant, as plaintiff below, to sustain the burden of proof establishing a valid contract of employment. The Illinois Statute applicable here (ch. 122, pars. 6–9 to 6–11, Ill. Rev. Stat. 1949 [Jones Ill. Stats. Ann. 123.783, 123.785])requires of school board directors that official business shall only be transacted at regular or special meetings of which a signed record must be kept, and that no money may be expended without a yea and nay vote being taken and recorded. The official minutes of appellees were available; those of the February, March, April and May monthly meetings held in 1949 were introduced in evidence; presumably these were all that contained pertinent reference to appellant and the issues of this suit. If there existed other minutes or records, not introduced herein, bearing upon appellant's employment, appellant would be required so to allege and prove. Not having done so, appellant has not established a valid employment contract binding upon the Board for any specified time, nor for any time at all, her only remedy being upon a *quantum meruit* for services actually rendered; for this she already has been paid.

██ If, upon passing glance, this result should seem harsh, reflection will reveal that it is not so. The principle involved is far broader and of much more

368

public import than the interests of the parties herein. Here is not a penalty imposed upon an unwary contractor, whereby the other contracting party obtains some pecuniary or other advantage. Appellees gain no advantage by having repudiated or terminated appellant's services, but the protection of the taxpaying public is thereby served by statutory mandate. In *Ready v. Board of Education, School Dist. #103, Madison County,* 297 Ill. App. 342, the Appellate Court for the Fourth District said: "The purpose of the statute (ch. 122, pars. 6–9 to 6–11, *supra*) in requiring a yea and nay vote and the recording of the same is to give the taxpayers an opportunity to know how each member voted. The method followed by defendant appellee gives no such information and is in direct violation of the statutory provisions. The verbal acceptance of employment by plaintiff appellant did not operate as a waiver of the statutory requirements for they were enacted for the benefit of the taxpayers of the district and no liability could be created against the district except by a compliance therewith." To the same effect, and with specific reference to the repudiation or termination of teachers' employment, are *Shortall v. School Directors, Dist. #27,* 255 Ill. App. 89; *Scanlan v. Board of Directors, Dist. #39,* 245 Ill. App. 357.

In the case at bar, appellees directly violated statutory requirements prerequisite to any valid employment contract or to any expenditure of money for such employee. No recorded proceeding of the Board appears wherein any employment of appellant was authorized, and no vote was recorded involving expenditure of any money for such a purpose. In such a situation, the cases hereinbefore cited are controlling.

██ Appellant further contends that the evidence furnished by appellees is insufficient to show any grounds for dismissal. In this, we cannot agree.

Even if it be assumed, for the moment, that a valid employment contract existed in this case, the applicable Illinois Statute (ch. 122, par. 6–36, Ill. Rev. Stat. 1949 [Jones Ill. Stats. Ann. 123.810]) would require a conclusion contrary to that contended for by appellant. School directors are vested by that statute with authority to dismiss a teacher for, among other specified grounds, "other sufficient cause." It is axiomatic that such authority vests a discretion trammeled only by proof of that discretion's abuse. No abuse appears from the evidence. Despite appellant's denials of their truth, complaints were in fact made by parents against appellant's conduct, to wit: That she refused to permit small children to go to the toilet except at specified periods, and that soiled clothing resulted; that she humiliated certain children in class by questions as to where their money was for contributions; that one youngster was forced to write with his right rather than his natural left hand; and that she made disparaging remarks to pupils regarding their parents. Whether or not these parental complaints were true, was for the Board in its discretion to determine. The Board was in a position to investigate the facts, and the record shows that it did so. No caprice or abuse of discretion appears from the Board's conclusion. The judgment is hereby affirmed.

*Affirmed.*