MARY EDWARDS, Plaintiff-Appellee, *v.* THE BOARD OF EDUCATION OF DIAMOND LAKE SCHOOL DISTRICT NO. 76, LAKE COUNTY, Defendant-Appellant.

Second District   No. 78-487

Opinion filed May 23, 1980.—Rehearing denied June 27, 1980.

Laurence M. Dunlap, of Dunlap, Thompson & Boyd, of Libertyville, for appellant.

Lawrence Jay Weiner, of Lawrence J. Weiner & Associates, of Chicago, for appellee.

Mr. JUSTICE UNVERZAGT delivered the opinion of the court:

The defendant, Board of Education of Diamond Lake School District No. 76 (hereinafter referred to as the "Board" or "Board of Education"), appeals from a judgment of the circuit court of Lake County in favor of Mary Edwards in the amount of $7511.69.

During the 1975-76 school year, Mary Edwards was employed by the Board of Education as a physical education teacher on contractual continued service (more commonly and hereafter referred to as "tenure"). Joan Lehmann, a probationary teacher, who was first employed in 1973-74 as a part-time physical education teacher, was likewise employed by the Board in 1974-75 and 1975-76. Her status is pivotal to the disposition of the issues here involved, inasmuch as Mary Edwards' claim is squarely premised on her assertion that Joan Lehmann held a full-time teaching position with the Board of Education, which devolved by right on Mary Edwards.

On March 25, 1976, the Board of Education passed a resolution to

reduce its physical education staff and as a consequence of that resolution Mary Edwards was notified that she was being honorably dismissed pursuant to the Board's decision to reduce the physical education staff by one full teaching position, that is, from 3½ to 2½ full-time teachers. Shortly after her dismissal Mary Edwards raised a question as to whether she was not entitled to the position currently held by Joan Lehmann, since Joan Lehmann was a nontenured teacher. Upon that issue being raised, the Board rescinded its resolution discharging Mary Edwards and by resolution dated May 4, 1976, the Board notified Joan Lehmann that she would not be employed for the 1976-77 school year and that Mary Edwards would be offered her contract for teaching physical education courses on a part-time basis for the 1976-77 school year. Mary Edwards entered into the half-time teaching contract for 1976-77; however, she noted on the contract when she accepted it that the signing of said contract "does not deny me the right to full-time employment or any other rights should these later be proven." On August 24, 1976, before the beginning of the 1976-77 school year, Mary Edwards notified the Board in writing that she would not perform the part-time teaching contract for that year. Joan Lehmann was then hired to replace Mary Edwards. It should be noted that inasmuch as Joan Lehmann was not notified that she would not be rehired for 1976-77 until a date subsequent to May 4, 1976, and the school year ended June 11, 1976, the Board obviously did not comply with the notice requirement of section 24—11 of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 24—11) which provides in part as follows:

> "Any teacher who has been employed in any district as a full-time teacher for a probationary period of 2 consecutive school terms shall enter upon contractual continued service unless given written notice of dismissal stating the specific reason therefor, by registered mail by the employing board at least 60 days before the end of such period."

The crux of the plaintiff's claim, then, is that (a) she, Mary Edwards, was a full-time tenured teacher; (b) Joan Lehmann was a full-time probationary teacher who was completing her second year of probationary full-time teaching June 11, 1976; (c) Joan Lehmann was not given the notice required by section 24—11 of the School Code of 1961 and thereby she automatically entered upon "contractual continued service" (tenure) for the 1976-77 school year, and (d) Mary Edwards, however, was a tenured teacher already entitled to precedence over Joan Lehmann and thus Mary Edwards is entitled to be treated as a full-time teacher and to be paid as such for the 1976-77 school year. The entitlement of Mary Edwards by reason of her being a tenured teacher derives from section

24—12 of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 24—12) which reads in pertinent part as follows:

"If a teacher in contractual continued service is removed or dismissed as a result of a decision of the board to decrease the number of teachers employed by the board or to discontinue some particular type of teaching service, written notice shall be given the teacher by registered mail at least 60 days before the end of the school term, together with a statement of honorable dismissal and the reason therefor, and in all such cases the board shall first remove or dismiss all teachers who have not entered upon contractual continued service before removing or dismissing any teacher who has entered upon contractual continued service and who is legally qualified to hold a position currently held by a teacher who has not entered upon contractual continued service. If the board within 1 calendar year thereafter increases the number of teachers or reinstates the position so discontinued, the positions thereby becoming available shall be tendered to the teachers so removed or dismissed so far as they are legally qualified to hold such positions."

Whatever the logic of the reasoning by which Mary Edwards seeks to establish her claim to a full salary for the school year 1976-77, it is clear—and Mary Edwards so concedes—that her entitlement to a full salary for 1976-77 depends absolutely on Joan Lehmann's entitlement to such salary and that Joan Lehmann's entitlement depends on whether or not she was a full-time teacher for the two preceding years. If she was not such a full-time teacher for the required preceding period of two years then the lack of 60 days' notice does not give her automatic status as a tenured teacher and thus Mary Edwards herself has no derivative rights.

In order to determine the crucial question of Joan Lehmann's status the history and nature of her employment by Diamond Lake School District must be considered in some detail. Mrs. Lehmann was first employed by the Board of Education of District No. 76 for the 1973-74 school year, when she entered into a contract for three hours teaching per day as a physical education teacher. No subsequent contract was entered into. However, Joan Lehmann was notified by Mr. Doerle, the district school superintendent in either July or August, 1974, that she would be rehired for the 1974-75 school year on the same half-time basis as originally. This conversation assumes some importance in determining the question of Joan Lehmann's status as a teacher. The testimony reveals that Mr. Doerle asked Mrs. Lehmann if she would be interested in teaching on a full-time basis and if so, the Special Education District of Lake County (hereinafter referred to as "SEDOL") was interested in

paying one-half of her salary. SEDOL is a co-operative program for handicapped children, for whom it provides special education services in Lake County. As a special education district it does not have the power to levy taxes; its source of funds is State aid and tuition for students enrolled in member districts. SEDOL thus is a separate entity, deriving its powers from the provisions of article 14 of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 14—1.01 *et seq.*). The school district provides the immediate source of funds for SEDOL teachers and is reimbursed by the State, provided the district maintains adequate cost accounting "to document the per capita cost of special education." (Ill. Rev. Stat. 1975, ch. 122, par. 14—7.02a(2).) Bearing in mind that SEDOL is a cooperative effort encompassing some 41 school districts, it is not surprising that the clerical and financial records reflecting its operation were kept separately by each school district as a matter of convenience and as a basis for reimbursement by the State. While the plaintiff makes a point of the fact that Joan Lehmann was paid by a check of School District No. 76, and her W-2 form was prepared by the district, this is logical under the circumstances for the sake of administrative convenience and does not indicate that the time she spent on behalf of SEDOL should be disregarded in determining whether she was a full-time employee of School District No. 76 or a part-time employee of both District No. 76 and SEDOL. The testimony at trial is enlightening in this respect. Superintendent Doerle of School District No. 76 testified that in a telephone conversation with Mrs. Lehmann in July or August of 1974, he asked Mrs. Lehmann if she would be interested in taking a full-time teaching job and that SEDOL was interested in paying one-half of her salary. This arrangement had been worked out between Mr. Doerle and Mr. Roelle, assistant superintendent of SEDOL. At the time of that conversation, Mrs. Lehmann was carried on the records of District No. 76 as a part-time teacher. The need for Mrs. Lehmann's additional services apparently arose out of the fact that SEDOL had rented four additional classrooms at Diamond Lake School, thus housing a total of six special education classes as opposed to two previously. Hence, a higher number of special education students were enrolled in special education classes and there was need to provide extra assistance for physical education classes for them.

Mrs. Lehmann did enter into this arrangement to teach on the same basis for 1974-75 as prevailed the previous year. She subsequently informed Superintendent Doerle that she was agreeable to the same arrangement as the previous year and the testimony indicates that Superintendent Doerle informed Mrs. Lehmann that her part-time employment with Diamond Lake School District would be paid by that district but at that time the particulars had not been worked out as to the immediate source of her funds for her SEDOL employment. Following

this, permission was obtained by Superintendent Roelle of SEDOL to employ a physical education instructor on a half-time basis and for reimbursement to be made by the State to School District No. 76 accordingly. SEDOL's executive board formally confirmed the hiring of a part-time physical education teacher at its July 1974 meeting. It is apparent from the minutes of that meeting and from subsequent correspondence in August 1974 that it was the intention of SEDOL to hire Mrs. Lehmann on a part-time basis and to pay her salary accordingly. Thus it is clear that she was not, except for clerical purposes, also a *full-time* teacher for School District No. 76. During the 1975-76 school year Mrs. Lehmann was again, according to the records of the district, a part-time teacher. There can be no doubt of her status as such for the 1975-76 school year because it was precisely this part-time status that caused the initial difficulty when, on March 25, 1976, the Board, in a move to reduce its teaching force for economy reasons, passed a resolution dismissing Mary Edwards, then acknowledged to be a full-time tenured physical education teacher.

On the basis of the language of section 24—12 of the School Code of 1961 quoted above, it is clear that the Board was in error in dismissing Mary Edwards before offering her the part-time teaching position of Joan Lehmann. The Board, however, quickly recognized this error and on May 4, 1976, notified Joan Lehmann that she would not be hired for the 1976-77 school year and at the same time offered Joan Lehmann's part-time teaching position to Mary Edwards.

In view of the records of School District No. 76, indicating clearly that Joan Lehmann was only a part-time teacher during 1973-74 and that her status did not change during 1974-75 and 1975-76 school years, it is clear that Mary Edwards could not succeed to a full-time position through Joan Lehmann unless the failure to notify Joan Lehmann 60 days in advance of the end of the 1975-76 school year that she would not be rehired for 1976-77, constituted her, under section 24—11, a full-time tenured teacher. However, since as we have seen from the facts established by the record, Joan Lehmann was not considered a full-time employee of School District No. 76 for the two years preceding the 1976-77 school year, but was considered a part-time employee of the District and a part-time employee of SEDOL, during these years, Mary Edwards is not vicariously entitled to a full-time teaching salary for 1976-77. Since a claim by Joan Lehmann to full salary for 1976-77 could not have been sustained, Mary Edwards, deriving her claim through Joan Lehmann, must likewise fail in her derivation claim.

It was conceded by Mary Edwards that the District was reimbursed by SEDOL from State funds. At the same time it is clear there was no funding in the District budget for another full-time position occupied by a

nontenured teacher. Therefore, in order to stay within its budget the Board offered Mrs. Edwards the salary it had budgeted for—that is, the salary being paid on a net basis—after reimbursement by SEDOL—to Joan Lehmann. The fact that the Board's paper work was somewhat careless does not convert Joan Lehmann's status into that of a full-time tenured teacher. The testimony clearly showed that after the initial contract of 1973-74, the same arrangement as indicated therein was continued for 1974-75 and 1975-76. The fact that Joan Lehmann received part of her total salary from SEDOL does not change the employment relationship between her and the Board. Dawn Miller, a Board of Education member, testified that if an employee has a contract with the Board and thereafter no further action is taken, the contract continues without change of status. Mary Ellen Keegan, principal of Diamond Lake School, testified that in August 1974 she had a conversation with Mrs. Lehmann and that she told Mrs. Lehmann that she (Mrs. Keegan) had been told that Mrs. Lehmann "was working half-time for SEDOL, half-time for Diamond Lake and that she should go to Kildeer School to arrange her schedule with Kildeer School teachers and after she knew what hours she was needed there she should come back to me and we would arrange her Diamond Lake School schedule." This indicates clearly that Mrs. Lehmann was not a full-time employee of Diamond Lake School for the contemplated 1974-75 school year.

Moreover, while Mrs. Edwards contends that somewhere along the line there had been a change in Mrs. Lehmann's status—since she was obviously only a part-time teacher to begin with—the Board is absolutely bound by the rules set out in section 10—6 of the School Code of 1961, which provides that: "No official business shall be transacted by the directors except at a regular or a special meeting." There is no record in the minutes of the Board of any meeting where the status of Joan Lehmann was changed prior to her termination as a part-time teacher after it was voted to give her position to Mary Edwards in May 1976. (See *Muehle v. School District No. 38* (1951), 344 Ill. App. 365; *Anderson v. Board of Trustees* (1978), 56 Ill. App. 3d 937.) Both of these cases were decided on the basis of the language of section 10—6 of the School Code of 1961. While the Board was not passing on the spending of money in making the arrangement it did (through the school principal) with SEDOL and Joan Lehmann, the failure to show by any kind of record of a recorded vote an intention to make any contract with Joan Lehmann other than the original part-time contract would, we think, under the cases cited above, render such intended change ineffective to bind the Board. Nor, in our opinion, could the school superintendent himself change Mrs. Lehmann's status from part-time to full-time teacher if such was his intention—of which there is no evidence. (See *Elder v. Board of*

*Education* (1965), 60 Ill. App. 2d 56.) Thus, in our opinion, neither the law nor the facts support the plaintiff's contention that Joan Lehmann was a full-time teacher, making the Board thus accountable to her under section 24—11 of the School Code of 1961, and thus accountable vicariously to Mary Edwards.

We see no basis for a claim by Mary Edwards based on Joan Lehmann's supposed entitlement to full teaching status.

The judgment of the circuit court of Lake County is therefore reversed.

Judgment reversed.

WOODWARD, J., concurs.

Mr. JUSTICE LINDBERG, specially concurring:

I concur in the result reached by the majority as I agree that there was no formal school board action hiring Joan Lehmann as a full-time teacher as required by statute. (Ill. Rev. Stat. 1977, ch. 122, pars. 10—6 and 10—7; *Muehle v. School District No. 38* (1951), 344 Ill. App. 345, 100 N.E.2d 805.) I am concerned, however, that the majority opinion suggests that accepting an assignment to a special education district such as SEDOL could jeopardize a teacher's full-time status. Such a suggestion could make teachers reluctant to accept such assignments, thereby violating the policy of special education legislation.

Section 14—9.01 of the School Code provides that the employment of any teacher in a special education program shall be subject to the tenure provisions of sections 24—11 to 24—16 of the Code. (Ill. Rev. Stat. 1977, ch. 122, par. 14—9.01.) Thus, it is my view that a teacher formally hired full-time by a school district and then assigned part-time to a special education district would gain tenure credit in the regular school district under section 24—11. Ill. Rev. Stat. 1977, ch. 122, par. 24—11.